a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DALILA MEDEIROS BARBOSA, Petitioner — CIVIL DOCKET NO. 3:26-CV-04206 SEC P

VERSUS — JUDGE ROBERT R. SUMMERHAYS

WARDEN RICHWOOD CORRECTIONAL CENTER ET AL, Respondents — MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Dalila Medeiros Barbosa ("Barbosa"). ECF No. 1. Barbosa is an immigration detainee at Richwood Correctional Center in Monroe, Louisiana.

Barbosa entered the United States without inspection in 2019. She was arrested by immigration officials on September 1, 2026. Barbosa has three young children, at least two of whom are United States citizens. She does not indicate whether she applied for humanitarian parole based on those circumstances.

Barbosa acknowledges that *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), forecloses her statutory argument that 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A) governs her detention.

In *Buenrostro-Mendez*, the Fifth Circuit held that noncitizens who entered the United States without being admitted are applicants for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), rather than discretionary

detention under § 1226(a), and therefore are not entitled to bond hearings. The court noted that the Department of Homeland Security retains discretion to parole applicants for admission, but only on a case-by-case basis for urgent humanitarian reasons or significant public benefit. *Buenrostro-Mendez*, 166 F.4th at 499 n.3. The Supreme Court has granted review of that statutory question. *Rhoney v. Barbosa da Cunha*, No. 26-104 (U.S. cert. granted Oct. 1, 2026).

In *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), the Fifth Circuit held that noncitizens detained under § 1225(b)(2)(A) are not constitutionally entitled to individualized hearings on dangerousness or flight risk, and that continued or renewed detention does not violate due process so long as removal remains a viable prospect. The court left open whether detention may violate due process in other circumstances, such as when removal becomes only a remote possibility, removal proceedings are excessively delayed, the proceedings are used as a façade to detain for other reasons, there is a factual dispute over whether the noncitizen is an applicant for admission, or detention no longer serves its immigration purpose.

*Buenrostro-Mendez* governs any asserted statutory entitlement to bond, and *Sosnava Rodriguez* governs any asserted constitutional entitlement to an individualized hearing on dangerousness and flight risk. Both decisions bind this Court.

Accordingly, IT IS ORDERED that, within 21 days after service of this Order, Barbosa shall file a supplemental memorandum, not exceeding seven (7) pages,

addressing the effect, if any, of *Buenrostro-Mendez* and *Sosnava Rodriguez* on each of her claims and explaining why any claim remains viable. Barbosa shall separately identify any claim she maintains solely to preserve it for further review.

SIGNED on Friday, November 20, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE